**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00995-REB-MJW

LISA M. ROHRBOUGH,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado, and
MARGARET FRUEH, in individually and in her official capacity,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendants' **Motion to Dismiss** [#16], filed August 14, 2006. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v.**

***McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that she can prove no set of facts entitling her to relief. **See *Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

### III. ANALYSIS

Plaintiff was formerly employed by defendant University of Colorado Hospital Authority as a Transplant Administrator – Heart. Defendant Margaret Frueh was her manager. Plaintiff contends that she was terminated from her employment in retaliation for voicing her concerns over various issues affecting the hospital, in violation of her rights under the First Amendment. Defendants move to dismiss on the ground that plaintiff's claim is precluded by the Supreme Court's recent decision in ***Garcetti v. Ceballos***, __ U.S. __, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).

***Garcetti*** involved the First Amendment retaliation claims of Richard Ceballos, a deputy district attorney with the Los Angeles County District Attorney's Office. In February, 2000, a defense attorney contacted Ceballos, who was the calendar deputy for the Pomona branch office, and claimed that the affidavit used to secure a critical search warrant in a pending criminal case contained inaccuracies. Ceballos's investigation revealed what he believed to be serious misrepresentations in the warrant affidavit. He relayed his findings to his superiors both orally and in writing, drafting a memorandum in which he recommended that the case be dismissed. Despite Ceballos's concerns, his supervisors ultimately decided to proceed with the

2

prosecution.[1]  Ceballos alleged that his employer subsequently retaliated against him by reassigning him to another position, transferring him to another courthouse, and denying him a promotion.  *Id*., 126 S.Ct. at 1955-56.

Analyzing its seminal decisions in **Pickering v. Board of Education of Township High School District 205, Will County, Illinois**, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), and **Connick v. Myers**, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the Court distilled those controlling precedents to the following essential formulation: "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a *citizen* addressing matters of public concern." *Garcetti*, 126 S.Ct. at 1957 (emphasis added).  Noting that its First Amendment jurisprudence requires an appropriate balance between the employee's right to comment on matters of public concern and the government's right as an employer to promote efficiency in the provision of public services, *id*. at 1957-58, the Court concluded that the "controlling factor" in determining whether a public employee's speech is protected is whether those expressions were made pursuant to the employee's official duties:

> We hold that when public employees make statements
> pursuant to their official duties, the employees are not
> speaking as citizens for First Amendment purposes, and the
> Constitution does not insulate their communications from
> employer discipline.
>
> . . . Restricting speech that owes its existence to a public
> employee's professional responsibilities does not infringe
> any liberties the employee might have enjoyed as a private
> citizen.  It simply reflects the exercise of employer control
> over what the employer itself has commissioned or created.

---

[1] Ceballos also testified as a witness for the defense in connection with a defense motion to traverse in the criminal case.  The *Garcetti* court did not address whether Ceballos's speech in this regard was protected under the First Amendment.

> . . . .
>
> Ceballos did not act as a citizen when he went about conducting his daily professional activities, such as supervising attorneys, investigating charges, and preparing filings. In the same way he did not speak as a citizen by writing a memo that addressed the proper disposition of a pending criminal case. When he went to work and performed the tasks he was paid to perform, Ceballos acted as a government employee. The fact that his duties sometimes required him to speak or write does not mean his supervisors were prohibited from evaluating his performance.

*Id*. at 1960.

Defendants maintain that, as in ***Garcetti***, plaintiff's claims in this lawsuit are based on speech that emanated from her official duties. However, the allegations of the complaint explicitly detailing plaintiff's official duties as heart transplant administrator are limited to the following:

> In September, 2002, Rohrbough was the on-call nurse for the heart transplant program. This was a part of her regularly scheduled duties as a heart transplant coordinator. The nurse on-call is responsible for numerous duties including returning calls from patients who have questions or problems, calling UNOS when a patient needed to be listed for a heart or needed a change made in their transplant status when it could not wait to be done during normal business hours, and for making the necessary phone calls to coordinate a transplant once a heart has been accepted by the physician on-call.

(Complaint at 5, ¶ 18.) By contrast, plaintiff claims she was retaliated against for speaking out about nurse staffing issues at the hospital, reporting improprieties in the provision of a donor heart and the subsequent cover-up of those events, and drafting incidence reports involving lapses in care for heart transplant patients. There is no indication from the allegations of the complaint that plaintiff's official duties

4

encompassed these types of issues.[2]  Instead, defendants' argument assumes in large part that the mere title of plaintiff's position is indicative of the nature of her official duties.  The *Garcetti* Court specifically cautioned against employing such a facile analysis.  Although the parties in *Garcetti* did not dispute that Ceballos's memorandum was written pursuant to his official duties, the Court specifically stated that when the employee's official duties are not so clearly delineated, as is the case here, the determination whether speech is protected involves a fact-intensive, "practical" determination.  *Garcetti*, 126 S.Ct. at 1961.  That determination must await further development of the record.[3]

I further reject defendants' attempt to transmogrify the Colorado Nurse Practices Act, §§12-38-101 – 12-38-133, C.R.S., into a font of potentially speech-limiting official duties for nurses in this state.  Absent more concrete, particularized proof that plaintiff was specifically compensated as part of her official duties for complying with the Act, nothing in *Garcetti* suggests that the statute by itself expands the scope of an employer's right to limit employee speech.

## IV.  CONCLUSION

I therefore find and conclude that defendants have not established that, based solely on the allegations of the complaint, plaintiff can prove no set of facts under which she would be entitled to relief.  Accordingly, their motion to dismiss must be denied.

---

[2]  The fact that plaintiff alleges that she was directed by the head of the Hospital's risk management department to create these incident reports does not necessarily lead to the conclusion that documenting these incidents was part of plaintiff's "official duties."

[3]  Because Rule 12 precludes me from considering evidence outside the complaint except in very limited circumstances not applicable here, *see GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997), I have disregarded entirely the affidavit plaintiff attached to her response purporting to set forth her job responsibilities.

**THEREFORE, IT IS ORDERED** that defendants' **Motion to Dismiss** [#16], filed August 14, 2006, is **DENIED**.

Dated November 8, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**