IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00995-REB-MJW

LISA M. ROHRBOUGH,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado; and
MARGARET FRUEH, individually and in her official capacity,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER
## RE: PROTECTED HEALTH INFORMATION

---

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") concerning the treatment of identifiable health information ("Protected Health Information") (as hereinafter defined), and, as grounds therefore, state as follows:

1. In this action, at least one of the Parties has sought and/or may seek Protected Health Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Protected Health Information during discovery and that there will be questioning concerning Protected Health Information in the course of depositions. The Parties assert the disclosure of Protected Health Information could result in significant injury to the patient(s) identified in the protected health records

and/or violation of HIPAA. The Parties have entered into this Stipulation and request the Court enter the within Protective Order re: Protected Health Information for the purpose of preventing the disclosure and use of Protected Health Information except as set forth herein, and prohibiting the Parties from using or disclosing the Protected Health Information for any purpose other than this litigation.

2. "Protected Health Information" means any document, record, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Protected Health Information, including, but not limited to a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

3. Where Protected Health Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the words "Confidential Protected Health Information" or "Confidential PHI" on the first page or cover of any document produced;

    b. By imprinting the words "Confidential Protected Health Information" or "Confidential PHI" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential Protected Health Information" or "Confidential PHI" no later than ten calendar days after receipt of the transcribed testimony.

4. All Protected Health Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions, which shall be strictly construed:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this litigation and unless an affidavit in the form of Exhibit A has been signed.

    c. It shall not be disclosed, revealed, or leaked, inadvertently or otherwise, to the media or anyone not directly associated with prosecuting or defending this case.

5. Individuals authorized to review Protected Health Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Protected Health Information in confidence and shall

not divulge the Protected Health Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Protected Health Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Protected Health Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Protected Health Information, and shall maintain a list of all persons that are required to complete an affidavit as set forth in paragraph 4.

7. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Protected Health Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel who maintains the list disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Protected Health Information shall be made except by or on behalf of counsel in this litigation, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel shall retain custody of Protected Health Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the "Confidential" designation of particular Protected Health Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

11. In the event it is necessary for the Parties to file Protected Health Information with the Court in connection with any proceeding or motion, the Protected Health Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Health Information pursuant to this Protective Order, and the Court shall retain

continuing jurisdiction to enforce the terms of this Protective Order, until ~~even after~~ this action is terminated. *[handwritten: MJW 1-16-07]*

13.   By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.   Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Protected Health Information provided, including all copies, subject to this Protective Order, to ensure the destruction of all copies of Protected Health Information. At that time, counsel shall also file under seal with this Court the list of individuals who have received Protected Health Information which counsel shall have maintained pursuant to paragraph 6, herein.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Protected Health Information shall be treated at trial.

DATED this \_\_\_16TH\_\_\_ day of \_\_\_January\_\_\_, 2007.

**BY THE COURT:**

Michael J. Watanabe
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

s/ Marcel Krzystek
David A. Lane, Esq.
Marcel Krzystek, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: (303) 571-1000
FAX: (303) 571-1001
E-mail: mkrzystek@killmerlane.com
*Counsel for Plaintiff*


s/ Gillian M. Fahlsing
Gillian M. Fahlsing, Esq.
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0509
E-mail: gfahlsing@sgrllc.com
Counsel for Defendants

# AFFIDAVIT

STATE OF COLORADO )
                                    )ss
COUNTY OF                )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Protected Health Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Protected Health Information shown or told to me except as authorized in the Protective Order. I will not use the Protected Health Information for any purpose other than this litigation (as set forth in paragraph 4 of the Protective Order).

    4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

**Address:**

_____

_____

Telephone No.: (\_\_\_\_\_) _____

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2007, by _____.

    WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

[SEAL]

00250328