IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00995-REB-MJW

LISA M. ROHRBOUGH,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado, and
MARGARET FRUEH, in individually and in her official capacity,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION TO REVIEW TAXATION OF COSTS

**Blackburn, J.**

The matter before me is defendants' **Motion To Review Taxation of Costs** [#75], filed November 21, 2007. I grant the motion in part and deny it in part.

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. **English v. Colorado Department of Corrections**, 248 F.3d 1002, 1013 (10th Cir. 2001); **Griffith v. Mt. Carmel Medical Center**, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. **Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); **Bee v. Greaves**, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. **See U.S.**

*Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

Defendants are entitled to costs as the prevailing parties on summary judgment. The Clerk of the Court taxed costs in the amount of $1,102.80, which represents the costs of the single deposition transcript appended to defendants' summary judgment motion. Although the Clerk's standard may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs. *Merrick v. Northern Natural Gas Co., Division of Enron Corp.*, 911 F.2d 426, 434 (10th Cir. 1990); *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986). Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries, Inc*., 854 F.2d at 1246.

Nevertheless, I find that other deposition transcripts were necessarily obtained for use in the case and, therefore, are recoverable. *See Mitchell v. City of Moore*, 218 F.32d 1190, 1204-05 (10th Cir. 2000). Defendants adequately describe in their motion how the depositions of Tom Enrico,[1] Brian Rohrbough, Ronald Zolty, Susan West, Joyce Cashman, JoAnn Lindenfeld, Colleen Good, and Margaret Frueh were necessary to a full and vigorous defense of plaintiff's claims. However, I will not award defendants costs for other fees associated with the deposition, such as the court reporter's attendance and notary fee, handling charges, fees for "e-transcripts," and

---

[1] Defendants also present appropriate justification for the video recording of Enrico's deposition, as "he had plans to be out of the country for an extended period that included the trial dates." (Def. Motion ¶5(i) at 3.)

2

exhibit management charges. None of these expenses comes within the meaning of the statutory authorization to recover "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and defendants have presented no argument or authority to suggest that they should.

Defendants also have failed to present any authority in support of their contention that the cost of transcribing plaintiff's surreptitious recordings of various meetings involving the events underlying plaintiff's claims herein is recoverable. Nevertheless, there is ready authority for the proposition that such transcriptions are compensable as exemplification costs pursuant to 28 U.S.C. § 1920(4). ***See In Re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975***, 687 F.2d 626, 631 (2nd Cir. 1982); ***Dodge v. Hunt Petroleum Corp.***, 1999 WL 1039710 at *7 (N.D. Tex. Nov. 15,1999). Thus, although I agree with defendants that the costs of transcribing these recordings is compensable, I again will deduct other fees not specifically related to the copy of the transcript itself.

**THEREFORE, IT IS ORDERED** as follows;

1. That defendants' **Motion To Review Taxation of Costs** [#75], filed November 21, 2007, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** with respect to defendants' request for costs associated with the transcripts of the depositions and recorded conversations cited in the motion, and defendants are **AWARDED** an additional $4,474.70 in costs

associated with those transcripts[2]; and

      b. That the motion is **DENIED** otherwise.

Dated April 22, 2008, at Denver, Colorado.

                                          **BY THE COURT:**

                                          <u>**s/ Robert E. Blackburn**</u>
                                          **Robert E. Blackburn**
                                          **United States District Judge**

---

[2] This figure represents $2,595.40 for deposition transcripts and $1,879.30 for the transcripts of the recordings.